[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
KLACZAK, JUDGE
NORKO, JUDGE
MIANO, JUDGE
 DATE OF SENTENCE: 1 DECEMBER 1995 DATE OF APPLICATION: 1 DECEMBER 1995 DATE APPLICATION FILED: 1 DECEMBER 1995 DATE OF DECISION: 28 SEPTEMBER 1999
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven, Docket No. CR-96-365291.
Thomas Ullman, Esq. For the Petitioner
Robert O'Brien, Esq. For the State of Connecticut
 BY THE DIVISION
The petitioner was convicted by a Jury of Murder, in violation of Conn. Gen. Stat. § 53-54a and carrying a Pistol without a Permit in violation of Conn. Gen. Stat. § 29-35 (a) The sentencing court imposed a sentence of 60 years to serve on the Murder charge and five years to serve on the Pistol without a Permit charge. The court ran them concurrent to each other for a total effective sentence of 60 years to serve.
The record shows the petitioner confronted his ex-wife on the street in which she resided in the City of New Haven. The two argued and the petitioner who was carrying a pistol pursued the victim to her automobile. As she attempted to flee the petitioner shot her once and she fell to the ground. The petitioner then walked up to the hapless victim and fired the fatal shot to the CT Page 14366 rear of her head.
At the hearing counsel for the petitioner felt that the sentencing court only took into consideration the nature of the crime and the victim's family concerns. Counsel felt there were reasons for the court to mitigate the maximum sentence imposed. He felt the court failed to look at the total picture, which included facts about the petitioner's background. Foremost counsel felt the court did not give sufficient consideration to the fact that the petitioner was a veteran who did two tours of duty in Vietnam, and received numerous awards and commendations including the Purple Heart. Counsel felt that there was an obligation on the court to mitigate in situations where mitigation was supported by the record. Here he felt the automatic imposition of the maximum penalty was inappropriate.
The petitioner when he spoke to the panel indicated that he brought a drug problem with him from his tours of duty in Vietnam. He indicated that his actions in the murder were not intentional or premeditated. Further he felt there was a lack of support for him when he returned home from the trauma of war.
The state noted that here when the victim got a divorce from the petitioner she basically signed her own death warrant. Counsel felt the petitioner had an extensive criminal record that included violence and weapons. He noted that the victim's family felt the petitioner deserved the maximum sentence as this was not the first threats of violence the petitioner communicated the then wife. Counsel also felt that the petitioner misconstrues the sentencing courts remarks in that the murder took place some twenty-three years subsequent to the petitioners duty in Vietnam and in those twenty-three years the petitioner was a drug trafficker and a multiple offender of the law. Counsel felt that the petitioner got light treatment previously by the courts and that the judge found no reason to give anything but the maximum sentence for such a merciless crime.
In reviewing the sentence the panel does it in accordance with Practice Book Section 43-28. In this case the sentencing court found no sufficient reason to mitigate and imposed the maximum sentence allowed by law. In reviewing the transcripts we find the court heard and considered all the possible mitigating factors expressed by the petitioner's counsel very thoroughly and strongly rejected them. The sentence imposed was neither excessive, inappropriate or disproportionate. The petition's acts CT Page 14367 were tantamount to a summary execution of the victim.
THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
Miano, J.
Norko, J., Klaczak, J. and Miano, J. participated in this decision.